# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| DEREK S. HOKE and ) | |
| KAYLA R. BIRKE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, JPMorgan Chase Bank, N.A., by and through its undersigned counsel, and states as follows for its Complaint against Defendants:

### The Parties

1.  Plaintiff is a national bank with its main office, as set forth in its articles of association, in the State of Ohio.

2.  Defendant Derek S. Hoke ("Hoke") is a citizen of the State of Missouri who resides in Bourbon, Crawford County, Missouri.

3.  Defendant Kayla R. Birke ("Birke") is a citizen of the State of Missouri who resides with Hoke in Bourbon, Crawford County, Missouri, and upon information and belief, is now married to Hoke.

### Jurisdiction and Venue

4.  Plaintiff is deemed to be a citizen of Ohio for purposes of diversity jurisdiction.

5.  Hoke and Birke (collectively, "Defendants") are citizens of Missouri for purposes of diversity jurisdiction.

2227563

6. The residential real property at issue in this case is located at 430 Mound Road, Bourbon, Crawford County, Missouri 65441 (the "Property"), which is in the Eastern Division of this judicial district, and has a fair market value of no less than $149,000.00.

7. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. Venue in this Court is proper under 28 U.S.C. § 1391(b) in that, among other things, Defendants reside in this judicial district.

### Facts Common to All Counts

9. On or about March 21, 2013, Defendants Hoke and Birke purchased the Property from Iowa Bankers Mortgage Corp. for $143,000.00.

10. The Warranty Deed conveying the Property to Defendants correctly describes the Property as follows:

> All that part of the North Half of the Northeast Quarter of Section Thirty-one (31), Township Forty (40) North, Range Three (3) West of the 5th P.M., Crawford County, Missouri. Described as follows: starting at the Southeast Corner of the North Half of the Northeast Quarter of said Section 31, thence North 0° 38' West 478.1 feet for the point of beginning, thence South 88° 37' West 443.14 feet, thence North 0° 46' West 420 feet, thence East, parallel with South line of said section, to the East line of said Section 31, thence South along said East line 420 feet, more or less, to the point of beginning.
>
> Subject to Building Lines, Easements and Restrictions of record, if any.
>
> Right-of-Way Easement granted to Crawford Electric Cooperative and recorded in Book 545, at Page 143, of the Deed Records of Crawford County, Missouri.

11. In connection with Defendants' purchase of the Property, a Uniform Residential Appraisal Report was prepared "for lending purposes only" on or about February 14, 2013, which concluded the fair market value of the Property was $149,000.00 (the "Appraisal").

12. The Appraisal correctly identified the Property by the Assessor's Parcel Number, *to-wit*, 029031000016000.

13. Also in connection with Defendants' purchase of the Property, a Deed of Trust was prepared.

14. Under the Deed of Trust, Defendants and their lender, DAS Acquisition Company, LLC ("DAS"), intended to pledge the Property to secure a promissory note signed by Defendants in the amount of $145,918.00 (the "Note"). A true and accurate copy of the Deed of Trust is attached hereto as EXHIBIT 1 and incorporated herein by reference.

15. While the Deed of Trust correctly identified the Property by the Assessor's Parcel Number (029031000016000) and by street address (430 Mound Road, Bourbon, Missouri 65441) on both the Cover Page and on Page 2 of 12, the legal description of the Property set forth on Exhibit A to the Deed of Trust is incorrect.

16. The real estate described on Exhibit A to the Deed of Trust is not the Property but another parcel of land in Crawford County, Missouri in which Defendants have no ownership interest.

17. A scrivener's error was made in preparing the Deed of Trust in that Exhibit A to the Deed of Trust does not describe the Property, which both Defendants and DAS intended to collateralize the Note.

18. Upon information and belief, the title company that closed Defendants' purchase of the Property (Crawford County Title Company) made the scrivener's error when

3

it mistakenly attached an Exhibit A to the Deed of Trust that described a different tract of land that was being closed by the title company at or about the same time.

19. On or about March 30, 2015, DAS duly assigned the Note and Deed and Trust to Plaintiff for valuable consideration.

20. Subsequently, Plaintiff discovered that the Deed of Trust contained the aforementioned scrivener's error and, on multiple occasions thereafter, contacted Defendants to request that they to sign corrective documents.

21. Defendants have failed to respond to Plaintiff's requests, thereby jeopardizing Plaintiff's legitimate security interest in the Property.

## COUNT I
### (Reformation)

22. The allegations in the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

23. Exhibit A attached to the Deed of Trust does not correctly describe the Property, which Defendants and DAS alike intended to pledge to secure the Note signed by Defendants.

24. The Deed of Trust executed by Defendants was intended to encumber the Property, rather than the land described in Exhibit A attached to the Deed of Trust, as reflected by the fact (a) the Property is identified in the body of the Deed of Trust, both by the Assessor's Parcel Number and by its street address, and (b) the Property is the subject of the Appraisal that was done "for lending purposes only" shortly before the time Defendants purchased the Property.

25. By mutual mistake or inadvertence, the Deed of Trust failed to contain an accurate legal description of the Property.

26. Exhibit A attached to the Deed of Trust should therefore be reformed to accurately set forth the legal description of the Property, which the Defendants and their lender, DAS, intended to encumber.

27. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court enter a Judgment reforming Exhibit A to the Deed of Trust to accurately describe the Property, the correct legal description of which is set forth in paragraph 10 of this Complaint, and granting such other and further relief as the Court deems appropriate.

## COUNT II
### (Alternative Action to Quiet Title)

28. The allegations in the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

29. This action is brought pursuant to Mo. Rev. Stat. § 527.150 to determine the interests and quiet title in the Property as between Plaintiff and Defendants.

30. Plaintiff, as assignee of the Note and Deed of Trust, claims a valid security interest in the Property.

31. Due to a scrivener's error, the Deed of Trust does not contain an accurate legal description of the Property, although the Property is correctly identified in the body of the Deed of Trust by the Assessor's Parcel Number and by street address.

32. The Deed of Trust is therefore not entirely clear with regard to the real estate that is covered by and subject to its terms.

WHEREFORE, Plaintiff prays that the Court enter a Judgment decreeing that Plaintiff has a valid security interest in the Property under the Deed of Trust, and granting such other and further relief as the Court deems appropriate.

## COUNT III
### (Alternative Action for an Equitable Lien)

33. The allegations in the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

34. Defendants currently owe in excess of $140,000.00 under the Note, which is now held by Plaintiff following the assignment by DAS.

35. Defendants, DAS and Plaintiff all contemplated and intended that the Property would serve as security for the debt represented by the Note.

36. In the event the Deed of Trust is not reformed to accurately reflect that the Property securitizes the Note, an equitable lien should be imposed against the Property to prevent Defendants from receiving a windfall and causing unjust financial harm to Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff imposing an equitable lien on the Property to the extent necessary to allow Plaintiff to receive payment in full under the Note, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: June 22, 2017

By: /s/ Duane L. Coleman
   Duane L. Coleman, #35898
   600 Washington Avenue, Suite 2500
   St. Louis, Missouri 63101
   (314) 444-7600
   (314) 241-6056 (facsimile)
   dcoleman@lewisrice.com

   Attorneys for Plaintiff
   JPMorgan Chase Bank, N.A.